STATE OF MAINE  
PENOBSCOT, SS.

SUPERIOR COURT  
CIVIL ACTION  
Docket No. AP-03-13

FILED & ENTERED  
SUPERIOR COURT  

JUL 14 2003  

PENOBSCOT COUNTY

Eva A. Hopkins,  
    Plaintiff/Appellee

v.

Order (Motion to Reconsider)

DONALD L. GARBRECHT  
LAW LIBRARY

AUG 7 2003

Wendy S. Hopkins,  
    Defendant/Appellant

The defendant has filed a motion to reconsider the order concluding that she has waived her right to a de novo trial by jury.

A judgment was entered against the defendant on April 10, 2003.[1] On April 17, the defendant filed a notice of appeal with the District Court clerk. The notice of appeal was accompanied by a transcript order form and a motion to stay issuance of a writ of possession. It was not, however, accompanied by an affidavit that is required when the appellant also seeks a de novo trial by jury. *See* M.R.Civ.P. 80 D(f)(2)(A).

On April 17, the defendant also filed some material with the clerk of the Superior Court. This included a demand for jury trial and an affidavit that she had executed. She also filed a motion to waive the jury fee and the appeal fee. However, there was no case pending in the Superior Court at that time, in part because the parties had filed motions in the District Court relating to the issuance of the writ of possession. The writ-related motions were scheduled for hearing in the District Court on May 6. On that date, the court disposed of the motions, and the Superior Court clerk received the court file the next day, which is when the clerk docketed the material that the defendant had filed on April 17. Then, on May 15, this court denied the defendant's motion to waive the jury

---

[1] The judgment is dated April 8, but the District Court docket entry shows that the judgment was entered two days later.

fee because the defendant had failed to preserve and thus waived her right to a de novo jury trial. She now seeks reconsideration of that conclusion.

The court is bound to apply the controlling provisions of rule 80D. The language of that rule is clear. The notice of appeal "shall include. . .a written demand for jury trial." The defendant's notice of appeal did not. The appellant also "shall file with the notice [of appeal] an affidavit or affidavits" identifying the existence of factual, triable issues. The defendant did not file such an affidavit with the notice of appeal. Therefore, the defendant did not comply with the plain requirements established by rule 80D(f) that constitute a predicate to a jury trial. *See also* 1990 Advisory Committee Note to M.R.Civ.P. 80D ("Failure to make a timely demand leaves the appeal to be carried forward on questions of law only. . . ."). *Cf.* M.R.Civ.P. 38(a) (in other civil cases, the time to demand a jury trial may not be enlarged if the failure to file a timely demand resulted from the "party's own neglect or lack of diligence. . ."). She has waived her right to a trial by jury, and this appeal must be limited to questions of law.

The entry shall be:

For the foregoing reasons, the motion for reconsideration is denied. The defendant is deemed to have waived her right to trial by jury.

Dated: July 14, 2003

Justice, Maine Superior Court
Jeffrey L. Hjelm

Date Filed __5/7/03__    __PENOBSCOT__    Docket No. __AP-2003-13__
                              County

Action __FORCIBLE ENTRY AND DETAINER__
**ASSIGNED TO JUSTICE JEFFREY L. HJELM**

| | |
|---|---|
| EVA M. HOPKINS | WENDY HOPKINS, CHARLES HOPKINS, RANDY HOPKINS, PETER CHASE, AND ALL vs. OTHER OCCUPANTS |

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| DAVID CHASE, ESQ.<br>700 MT. HOPE AVENUE<br>BANGOR, ME   04401 | MICHAEL LANE, ESQ.<br>P O BOX 1210<br>BANGOR ME   04402 1210 |

| Date of Entry | |
|---|---|
| 5/7/03 | Appeal from District Court, District III, Western Penobscot, Newport, ME. (Special Action Docket No. NEW-SA-03-13)  The following pleadings were received and filed.<br><br>1.   Complaint for Forcible Entry and Detainer.  (Exhibit A Attached)<br>2.   Officer's Return of Service on Summons, Forcible Entry and Detainer, as to Defendant Randy Hopkins.  (S.D.  2/22/03)<br>3.   Officer's Return of Service on Summons, Forcible Entry and Detainer, as to Defendant Wendy Hopkins.  (S.D. 2/21/03)<br>4.   Officer's Return of Service on Summons, Forcible Entry and Detainer, as to Defendant Peter Chase.  (S.D. 2/21/03)<br>5.   Officer's Return of Service on Summons, Forcible Entry and Detainer, as to Defendant Charles Hopkins.  (S.D. 2/22/03)<br>6.   Answer Forcible Entry and Detainer (Title to Real Estate is Involved) filed by Defendants. (Exhibit A Attached)<br>7.   Request for Recorded Hearing filed by Plaintiff.<br>8.   Plaintiff's Post-Hearing Memorandum filed.  (Exhibit 1 Attached)<br>9.   Post-Hearing Memorandum of Law in Support of Defendants' Motion to Dismiss (Title to Real Estate is Involved) filed.  (Attachments Attached)<br>10.  Judgment Forcible Entry and Detainer filed.<br>11.  Request for Writ of Possession to Issue filed by Plaintiff.<br>12.  Notice of Appeal M.R.Civ.P. 76D filed by Defendants.<br>13.  Transcript Order filed by Defendants.<br>14.  Application of Defendant to Proceed Without Payment of Fees M.R.Civ.P. 91 filed by Defendant.<br>15.  Order on Application of Defendant to Proceed Without Payment of Fees M.R.Civ.P. 91.<br>16.  Motion to Stay Issuance of Writ of Possession With Incorporated Memorandum of Law (Title to Real Estate Involved) filed by Defendant.<br>17.  Request for Hearing (Title to Real Estate Involved) on Defendants' Motion to Stay Issuance of Writ of Possession.<br>18.  Notice of Hearing on Defendants' Motion to Stay Issuance of Writ of Possession. |